B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of South Carolina

In re   **Dwight Evans Funderburk, Sr.**                   ,    Case No.   **12-04785**

                                      Debtor

Chapter       **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 5 | 800.00 | | |
| B - Personal Property | Yes | 10 | 259,985.24 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | 9,868,956.90 | |
| G - Executory Contracts and Unexpired Leases | Yes | 7 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 1 | | | 21,054.00 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 14,869.40 |
| Total Number of Sheets of ALL Schedules | | 35 | | | |
| Total Assets | | | 260,785.24 | | |
| Total Liabilities | | | | 9,868,956.90 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
### District of South Carolina

In re    **Dwight Evans Funderburk, Sr.**                          ,    Case No.    **12-04785**
<br>                                      Debtor

Chapter              **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**
**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re     **Dwight Evans Funderburk, Sr.**                                             Case No.    **12-04785**
                                                                            ,
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Real Property: Vacant lot located at Walker Street TMS#6856-354-440**<br><br>**County: Greenwood**<br>**Acreage: Unknown**<br>**Source of Valuation: Tax Value** | | - | 300.00 | 0.00 |
| **Real Property: Vacant lot located at 305 Gambrell Street TMS#6856-341-341**<br><br>**County: Greenwood**<br>**Acreage: Unknown**<br>**Source of Valuation: Tax Value** | | - | 500.00 | 0.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | 800.00 | (Total of this page) |
| Total > | 800.00 | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Results **1 - 1** of 1

⊟ 🗁 **Parcels**   Comparable Properties

⊟  🏢 **FUNDERBURK DWIGHT E**
    305 GAMBRELL ST

| Parcel ID | **6856-341-341** |
|---|---|
| Owner Name | FUNDERBURK DWIGHT E |
| Mailing Address | PO BOX 3304 |
| City State Zip | GREENWOOD, SC 29648-3304 |
| Tax Estimator | **Get Tax Estimate** |
| Tax History | **Show Taxes** |
| Purchase Date | Saturday, January 19, 1985 |
| Deed | 305-432 |
| Plat | **47-144** |
| Property Address | 305 Gambrell St |
| Subdivision | |
| Description | 1 LOT (.717 AC) |
| Year Built | 0 |
| Square Footage | 0 |
| Total Tax Value | **$500** |
| Total Cap Value | **$600** |
| Total Market Value | **$500** |
| Assessed Value | 30 |
| Bedrooms | 0 |
| Bathrooms | 0 |
| HalfBaths | 0 |
| Finis. Basement SqFt | 0 |
| Unfin. Basement SqFt | 0 |
| Tax Exemption | |
| Appraised By | County |
| Tax District | 9-City of Greenwood |
| On Lake Greenwood | N |



## Greenwood County, SC



| Parcel ID | 6856-341-341 | Total Cap Value | $600 |
|---|---|---|---|
| Owner Name | FUNDERBURK DWIGHT E | Total Market Value | $500 |
| Mailing Address | PO BOX 3304 | Assessed Value | 30 |
| City State Zip | GREENWOOD, SC 29648-3304 | Bedrooms | 0 |
| Purchase Date | Saturday, January 19, 1985 | Bathrooms | 0 |
| Deed | 305-432 | HalfBaths | 0 |
| Plat | 47-144 | Finis. Basement SqFt | 0 |
| Property Address | 305 Gambrell St | Unfin. Basement SqFt | 0 |
| Subdivision | | Tax Exemption | |
| Description | 1 LOT (.717 AC) | Appraised By | County |
| Year Built | 0 | Tax District | 9-City of Greenwood |
| Square Footage | 0 | On Lake Greenwood | N |
| Total Tax Value | $500 | | |

*Disclaimer:* Map and parcel data are believed to be accurate, but accuracy is not guaranteed. This is not a legal document and should not be substituted for a title search, appraisal, survey, or for zoning verification.

Map Scale
**1 inch = 97 feet**

Results **1** - **1** of **1**

⊟ 🗁 **Parcels**    Comparable Properties

⊟ 🎦 **FUNDERBURK DWIGHT**
  WALKER AV

| Parcel ID | **6856-354-440** |
|---|---|
| Owner Name | FUNDERBURK DWIGHT |
| Mailing Address | PO BOX 3304 |
| City State Zip | GREENWOOD, SC 29648-3304 |
| Tax Estimator | **Get Tax Estimate** |
| Tax History | **Show Taxes** |
| Purchase Date | Monday, May 09, 1983 |
| Deed | 293-520 |
| Plat | 0 |
| Property Address | Walker Av |
| Subdivision | |
| Description | 1 LT |
| Year Built | 0 |
| Square Footage | 0 |
| Total Tax Value | **$300** |
| Total Cap Value | **$400** |
| Total Market Value | **$300** |
| Assessed Value | 20 |
| Bedrooms | 0 |
| Bathrooms | 0 |
| HalfBaths | 0 |
| Finis. Basement SqFt | 0 |
| Unfin. Basement SqFt | 0 |
| Tax Exemption | |
| Appraised By | County |
| Tax District | 9-City of Greenwood |
| On Lake Greenwood | N |



## Greenwood County, SC



| Parcel ID | 6856-354-440 | Total Cap Value | $400 |
|---|---|---|---|
| Owner Name | FUNDERBURK DWIGHT | Total Market Value | $300 |
| Mailing Address | PO BOX 3304 | Assessed Value | 20 |
| City State Zip | GREENWOOD, SC 29648-3304 | Bedrooms | 0 |
| Purchase Date | Monday, May 09, 1983 | Bathrooms | 0 |
| Deed | 293-520 | HalfBaths | 0 |
| Plat | 0 | Finis. Basement SqFt | 0 |
| Property Address | Walker Av | Unfin. Basement SqFt | 0 |
| Subdivision | | Tax Exemption | |
| Description | 1 LT | Appraised By | County |
| Year Built | 0 | Tax District | 9-City of Greenwood |
| Square Footage | 0 | On Lake Greenwood | N |
| Total Tax Value | $300 | | |

*Disclaimer:* Map and parcel data are believed to be accurate, but accuracy is not guaranteed. This is not a legal document and should not be substituted for a title search, appraisal, survey, or for zoning verification.

**Map Scale**
1 inch = 98 feet

B6B (Official Form 6B) (12/07)

.

In re    **Dwight Evans Funderburk, Sr.**                                          Case No.    __12-04785__
                                                                        ,
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place
an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified
with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community
own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint
petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and
Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as
"A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash on Hand** | - | 900.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account with First Citizens** | - | 6,081.82 |
| | | | **Checking Account with Enterprise Bank of SC** | - | 8,357.79 |
| | | | **Checking Account with Parksterling Bank** | - | 272.11 |
| | | | **Checking Account with Bank of Walterboro** | - | 389.52 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods and Furnishings** | - | 6,025.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Clothing** | - | 1,000.00 |
| 7. | Furs and jewelry. | | **Movado Watch (7852885)** Market Value: $500.00 | - | 550.00 |
| | | | **Timex Watch** Market Value: $50.00 | | |

Sub-Total >         23,576.24
(Total of this page)

__4__  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Dwight Evans Funderburk, Sr.**                                    Case No.   **12-04785**
_____,
Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Remington 22 LR Model 66**<br>**Market Value: $100.00** | - | 825.00 |
| | | **Browning 22 LR Buck Mark**<br>**Market Value: $100.00** | | |
| | | **Ruger 22 Cal Single Six**<br>**Market Value: $125.00** | | |
| | | **New England Arms Single Shot 410-531**<br>**Market Value: $75.00** | | |
| | | **Marlin 22 LR**<br>**Market Value: $75.00** | | |
| | | **Browning XBolt 308**<br>**Market Value: $350.00** | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Life Insurance Policy**<br><br>**INSURANCE COMPANY: John Hancock**<br>**NAME OF INSURED: Dwight E Funderburk**<br>**POLICY NUMBER: VL000745963**<br>**FACE VALUE: $100,000.00**<br>**BENEFICIARY: Dwight E Funderburk, II**<br>**CASH VALUE: $7,685.00**<br><br>**DATE POLICY ACQUIRED: 7/16/1987**<br>**MONTHLY PREMIUM: $159.08** | - | 7,685.00 |
| | | **Life Insurance Policy**<br><br>**INSURANCE COMPANY: John Hancock**<br>**NAME OF INSURED: Dwight E Funderburk**<br>**POLICY NUMBER: VL000237925**<br>**FACE VALUE: $100,000.00**<br>**BENEFICIARY: Dwight E Funderburk, II**<br>**CASH VALUE: $21,453.00**<br><br>**DATE POLICY ACQUIRED: 4/3/1984**<br>**MONTHLY PREMIUM: $135.16** | - | 21,453.00 |

Sub-Total >     **29,963.00**
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Dwight Evans Funderburk, Sr.**                                      ,    Case No.    **12-04785**
_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Variable Life Insurance Policy** | - | **0.00** |
| | | **INSURANCE COMPANY:** **NAME OF INSURED: Dwight E Funderburk** **POLICY NUMBER:FLV003071547** **FACE VALUE: $400,000.00** **BENEFICIARY: Dwight E Funderburk, II** **CASH VALUE: n/a** | | |
| | | **DATE POLICY ACQUIRED: 7/20/1990** **MONTHLY PREMIUM: $521.66** | | |
| | | **Life Insurance Policy** | - | **3,446.00** |
| | | **INSURANCE COMPANY: unknown** **NAME OF INSURED: Wesley H Funderburk** **POLICY NUMBER: VL000819951** **FACE VALUE: $68,093.00** **BENEFICIARY: Dwight E Funderburk** **CASH VALUE: $3,446.00** | | |
| | | **DATE POLICY ACQUIRED: 2/10/1988** **MONTHLY PREMIUM: $303.50** | | |
| 10. Annuities. Itemize and name each issuer. | | **Private Annuity** | - | **Unknown** |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **1% interest in Triangle Construction, Inc of Greenwood** | - | **0.00** |
| | | **100% interest in 639 Acquisitions, LLC** | - | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

Sub-Total >    **3,446.00**
(Total of this page)

Sheet   **2**   of   **4**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Dwight Evans Funderburk, Sr.** _____ ,    Case No. ___**12-04785**___
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 16. Accounts receivable. | | **Mark Garber**<br>**600 Monument Street**<br>**Greenwood, SC 29646**<br>**Amount Owed: $60,000.00**<br><br>**Thomas Harvin, Jr.**<br>**405 Hammond Road**<br>**Greenwood, SC 29646**<br>**Amount Owed: $18,000.00**<br><br>**William W Watkins, Sr**<br>**1924 Barnwell Street**<br>**Columbia, SC 29202**<br>**Amount Owed: $125,000.00** | - | 203,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | **Beneficiary of the Funderburk Family Trust Agreement.** | - | Unknown |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

Sub-Total >         203,000.00
(Total of this page)

Sheet __3__ of __4__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Dwight Evans Funderburk, Sr.**                         ,      Case No.    **12-04785**

                             Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **Debtor drives vehicle titled in the name of Greenway Construction, Inc.** | - | 0.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

 

Sub-Total >        **0.00**
(Total of this page)

Total >        **259,985.24**

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

# PRIVATE ANNUITY AGREEMENT
# FOR
# REVOCABLE TRUST AGREEMENT
# OF
# DWIGHT E. FUNDERBURK

**TAYLOR & ASSOCIATES, PA**
Attorneys & Counselors at Law
171 Church Street – Suite 330
Charleston, South Carolina 29401
Telephone 843.723.2000

STATE OF SOUTH CAROLINA    )        PRIVATE ANNUITY AGREEMENT
                           )                  FOR
                           )        REVOCABLE TRUST AGREEMENT OF
COUNTY OF CHARLESTON       )           DWIGHT E. FUNDERBURK

THIS AGREEMENT entered into to be effective as of the 17th day of December, 2009, is hereby made by and between Leland P. Vaughan as Trustee of the Funderburk Family Trust Agreement dated the 1st day of December, 2009 (the "Funderburk Family Trust Agreement," referred to hereinafter as "Payor"), and Leland P. Vaughan as Trustee of the Revocable Trust Agreement of Dwight E. Funderburk originally dated the 1st day of December, 2009 (referred to hereinafter as "Payee").

## WITNESSETH:

**WHEREAS,** Payee has transferred to Payor, pursuant to that certain Agreement for Purchase and Sale of Assets (the "Sale Agreement"), Three Million Thirty-Four Thousand Two Hundred Seventy-Seven and No/100 United States Dollars (U.S.$3,034,277.00) worth of assets consisting of (i) real property located at 123 Country Club Drive in the City of Greenwood, South Carolina; (ii) limited partnership interests in Funderburk Holding Group Limited Partnership, a South Carolina limited partnership; (iii) non-voting common stock in Triangle Construction, Inc., of Greenwood, a South Carolina corporation; and (iv) common stock in Heaner, Inc., a South Carolina corporation (referred to hereinafter as the "Assets"); and

**WHEREAS,** Payor is willing to make fixed annual payments to Payee in exchange for the Membership Interests for that period which ends upon the death of Dwight E. Funderburk (referred to hereinafter as the "Measuring Period"); and

**NOW THEREFORE,** in consideration of the mutual covenants contained herein, the parties hereto agree as follows:

**(1)** In consideration of Payee's agreement to sell, transfer, and convey the Membership Interests, Payor hereby agrees to pay to Payee, during the Measuring Period, Two Hundred Thirty-One Thousand and No/100 United States Dollars (U.S.$231,000.00) at the end of each year for the period beginning upon the effective date of this Agreement and ending upon the termination of the Measuring Period, said amount being calculated pursuant to the payment schedule contained in "Exhibit A", the terms of which are attached hereto and incorporated herein by this reference. The first of such payments shall be due on the 17th day of December, 2010, and annual payments shall be due thereafter on the 17th day of December until the termination of the Measuring Period.

**(2)** The parties hereby expressly agree that Payor's obligation under the preceding paragraph shall entirely terminate upon the termination of the Measuring Period, and no heir, legatee, creditor, or beneficiary of the Payee, nor the estate of the individual upon who's life the Measuring Period is based, shall have any rights whatsoever under this Agreement; provided,

however, that if the Measuring Period shall terminate before receipt of the amount due Payee under the terms of this Agreement for any year, then the amount otherwise payable to Payee for that year shall be pro-rated for that year and paid to Payee.

**(3)**     Payor shall be absolutely liable, in its fiduciary capacity under the Funderburk Family Trust Agreement, for the payments due under paragraph (1) of this Agreement, and such payments are in no way contingent upon Payor's future earnings from the Membership Interests.

**(4)**     It is further understood that Payee retains no security interest, mortgage, lien, or pledge with respect to the Assets transferred under the Sale Agreement.

**(5)**     This Agreement shall be construed, interpreted, and enforced in accordance with the laws of the State of South Carolina.

## {REMAINDER OF PAGE INTENTIONALLY LEFT BLANK}

**Private Annuity Agreement  for Revocable Trust Agreement of Dwight E. Funderburk**          **Page 2**

**IN WITNESS WHEREOF**, this Private Annuity Agreement is signed, sealed, and delivered to be effective as of the date first above written.

WITNESSES:                                          PAYOR:

_____                           _____

Witness #1                                          **Leland P. Vaughan** *as Trustee of*
                                                    *Funderburk Family Trust Agreement dated*
_____                           *the 1ˢᵗ day of December, 2009*

Witness #2 or Notary


                                                    PAYEE:

_____                           _____

Witness #1                                          **Leland P. Vaughan** *as Trustee of*
                                                    *Revocable Trust Agreement of Dwight E.*
_____                           *Funderburk originally dated the 1ˢᵗ day of*
                                                    *December, 2009*
Witness #2 or Notary


**Private Annuity Agreement  for Revocable Trust Agreement of Dwight E. Funderburk**        **Page 3**

"EXHIBIT A"

PAYMENT SCHEDULE



**"Exhibit A" - Private Annuity Agreement for Revocable Trust Agreement of Dwight E. Funderburk**

B6C (Official Form 6C) (4/10)

.

In re    **Dwight Evans Funderburk, Sr.**                                    Case No.    **12-04785**
                                                                    ,
                                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash on Hand** | S.C. Code Ann. § 15-41-30(A)(5) | 900.00 | 900.00 |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account with First Citizens** | S.C. Code Ann. § 15-41-30(A)(5) | 4,063.37 | 6,081.82 |
| | S.C. Code Ann. § 15-41-30(A)(7) | 2,018.45 | |
| | Debtor's unused portion of vehicle exemption | | |
| | | | |
| **Checking Account with Enterprise Bank of SC** | S.C. Code Ann. § 15-41-30(A)(7) | 3,606.55 | 8,357.79 |
| | Debtor's unused vehicle exemption | | |
| | | | |
| **Checking Account with Parksterling Bank** | S.C. Code Ann. § 15-41-30(A)(5) | 272.11 | 272.11 |
| | | | |
| **Checking Account with Bank of Walterboro** | S.C. Code Ann. § 15-41-30(A)(5) | 389.52 | 389.52 |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Household Goods and Furnishings** | S.C. Code Ann. § 15-41-30(A)(3) | 3,500.00 | 6,025.00 |
| | | | |
| **Wearing Apparel** | | | |
| **Clothing** | S.C. Code Ann. § 15-41-30(A)(3) | 1,000.00 | 1,000.00 |
| | | | |
| **Furs and Jewelry** | | | |
| **Movado Watch (7852885)** | S.C. Code Ann. § 15-41-30(A)(4) | 550.00 | 550.00 |
| Market Value: $500.00 | | | |
| | | | |
| **Timex Watch** | | | |
| Market Value: $50.00 | | | |
| | | | |
| **Interests in Insurance Policies** | | | |
| **Life Insurance Policy** | S.C. Code Ann. § 38-63-40(A) | 7,685.00 | 7,685.00 |

**INSURANCE COMPANY: John Hancock**
**NAME OF INSURED: Dwight E Funderburk**
**POLICY NUMBER: VL000745963**
**FACE VALUE: $100,000.00**
**BENEFICIARY: Dwight E Funderburk, II**
**CASH VALUE: $7,685.00**

**DATE POLICY ACQUIRED: 7/16/1987**
**MONTHLY PREMIUM: $159.08**

____**1**____  continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re    **Dwight Evans Funderburk, Sr.** _____ ,    Case No. ___**12-04785**___

Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Life Insurance Policy** | **S.C. Code Ann. § 38-63-40(A)** | **21,453.00** | **21,453.00** |
| **INSURANCE COMPANY: John Hancock**<br>**NAME OF INSURED: Dwight E Funderburk**<br>**POLICY NUMBER: VL000237925**<br>**FACE VALUE: $100,000.00**<br>**BENEFICIARY: Dwight E Funderburk, II**<br>**CASH VALUE: $21,453.00**<br><br>**DATE POLICY ACQUIRED: 4/3/1984**<br>**MONTHLY PREMIUM: $135.16** | | | |
| **Variable Life Insurance Policy** | **S.C. Code Ann. § 38-63-40(A)** | **0.00** | **0.00** |
| **INSURANCE COMPANY:**<br>**NAME OF INSURED: Dwight E Funderburk**<br>**POLICY NUMBER:FLV003071547**<br>**FACE VALUE: $400,000.00**<br>**BENEFICIARY: Dwight E Funderburk, II**<br>**CASH VALUE: n/a**<br><br>**DATE POLICY ACQUIRED: 7/20/1990**<br>**MONTHLY PREMIUM: $521.66** | | | |
| **Life Insurance Policy** | **S.C. Code Ann. § 38-63-40(A)** | **3,446.00** | **3,446.00** |
| **INSURANCE COMPANY: unknown**<br>**NAME OF INSURED: Wesley H Funderburk**<br>**POLICY NUMBER: VL000819951**<br>**FACE VALUE: $68,093.00**<br>**BENEFICIARY: Dwight E Funderburk**<br>**CASH VALUE: $3,446.00**<br><br>**DATE POLICY ACQUIRED: 2/10/1988**<br>**MONTHLY PREMIUM: $303.50** | | | |

| | Total: | **48,884.00** | **56,160.24** |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re   **Dwight Evans Funderburk, Sr.**                                          ,        Case No.   **12-04785**
                                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doc, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

**0**    continuation sheets attached

Subtotal
(Total of this page)

Total                                          **0.00**        **0.00**
(Report on Summary of Schedules)

B6E (Official Form 6E) (4/10)

.

In re    **Dwight Evans Funderburk, Sr.**                                                    Case No.    **12-04785**
_____,
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* _Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Dwight Evans Funderburk, Sr.**                                    ,   Case No.   __12-04785__
                                      Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | | |
| Account No. xxxxxx1753 | | | | | Credit Card | | | | |
| **American Express** **PO Box 981540** **El Paso, TX 79998** | | - | | | | | | | 2,584.00 |
| Account No. | | | | | | | | | |
| **American Express** **PO Box 297871** **Fort Lauderdale, FL 33329** | | | | | Additional Address For: **American Express** | | | | **Notice Only** |
| Account No. xxxxxx4599 | | | | | Credit Card | | | | |
| **Capital One** **PO Box 30285** **Salt Lake City, UT 84130** | | - | | | | | | | 6,450.00 |
| Account No. | | | | | | | | | |
| **Capital One** **PO Box 85520** **Richmond, VA 23285** | | | | | Additional Address For: **Capital One** | | | | **Notice Only** |

__5__   continuation sheets attached

Subtotal
(Total of this page)

9,034.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Dwight Evans Funderburk, Sr.** _____ ,        Case No. ___**12-04785**___
                                                            Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **CertusBank** <br> **c/o Sean Faulkner, Esq.** <br> **Roe Cassidy Coates & Price, PA** <br> **PO Box 10529** <br> **Greenville, SC 29603** | X | - | **Foreclosure deficiency for investment properties located at Montague Ave. Ext.; 1206 Montague Ave. Ext.; AND 1214 Montague Ave Ext., Greenwood, SC** | | | | 72,546.98 |
| Account No. <br><br> **CountyBank** <br> **PO Box 3129** <br> **Greenwood, SC 29648** | | - | **Foreclosure deficiency for investment properties located at 3747 AND 3748 Dock Site Road, Edisto Island, SC, Colleton County (tax map nos. 354-04-00-036.000 and 354-04-00-037.00)** | | | | 746,937.08 |
| Account No. <br><br> **Suzanne Grigg** <br> **Nexsen Pruet, LLC** <br> **1230 Main Street, Suite 700** <br> **Columbia, SC 29201** | | | **Additional Address For:** <br> **CountyBank** | | | | **Notice Only** |
| Account No. <br><br> **CountyBank** <br> **PO Box 3129** <br> **Greenwood, SC 29648** | | - | **Possible foreclosure deficiency for investment property located at Parcel A and B-1 Montague Avenue Extension, Greenwood, SC** <br><br> **(Tax Map No.: 6846-287-906)** | | | | **Unknown** |
| Account No. <br><br> **Suzanne Grigg, Esq.** <br> **Nexsen Pruet, LLC** <br> **1230 Main Street, Suite 700** <br> **Columbia, SC 29201** | | | **Additional Address For:** <br> **CountyBank** | | | | **Notice Only** |

Sheet no. __**1**__ of __**5**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                         819,484.06

B6F (Official Form 6F) (12/07) - Cont.

In re __Dwight Evans Funderburk, Sr._____ ,    Case No. ___12-04785___
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Possible foreclosure deficiency for investment property located at 12.02 acres off Montague Avenue Extension AND 0.65 acres on Montague Avenue Extension, Greenwood, SC | | | | |
| CountyBank PO Box 3129 Greenwood, SC 29648 | | - | | (Tax Map Nos. 6846-426-830; 6846-361-797) | | | | |
| | | | | | | | | Unknown |
| Account No. | | | | Additional Address For: | | | | |
| Suzanne Grigg, Esq. Nexsen Pruet, LLC 1230 Main Street, Suite 700 Columbia, SC 29202 | | | | CountyBank | | | | Notice Only |
| Account No. | | | | Foreclosure deficiency for investment properties located in Colleton County (tax map nos: 351-12-00-350.00; 354-08-00-001.00; 354-12-00-346.00; 354-12-00-351.00 ) | | | | |
| Park Sterling Bank f/k/a Capitalbank 2720 S. Highway 14 Greer, SC 29650 | | - | | | | | | |
| | | | | | | | | 6,847,102.36 |
| Account No. | | | | Additional Address For: | | | | |
| Kimberly Renaud, Esq. Nelson Mullins Riley & Scarborough, LLP Poinsett Plaza, Suite 900 104 S. Main Street Greenville, SC 29601 | | | | Park Sterling Bank | | | | Notice Only |
| Account No. | | | | Possible foreclosure deficiency for investment properties located at 1626 Rivers Street AND 1414 By-Pass 25 SE, Greenwood, SC | | | | |
| Park Sterling Bank f/k/a Capitalbank 2720 S. Highway 14 Greer, SC 29650 | | - | | (Tax Map Nos: 6836-740-553; 6855-929-231) | | | | |
| | | | | | | | | Unknown |

Sheet no. __2___ of __5___ sheets attached to Schedule of                                  Subtotal
Creditors Holding Unsecured Nonpriority Claims                                          (Total of this page)    | 6,847,102.36 |

B6F (Official Form 6F) (12/07) - Cont.

In re   **Dwight Evans Funderburk, Sr.**                                          Case No. __**12-04785**__
_____,
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Additional Address For: | | | | |
| Kimberly Renaud, Esq. Nelson Mullins Riley & Scarborough, LLP Poinsett Plaza, Suite 900 104 S. Main Street Greenville, SC 29601 | | | | Park Sterling Bank | | | | **Notice Only** |
| Account No. | | | | Co-Debtor on Business Debt of Funderburk Group, LLC | | | | |
| SunTrust c/o Donald Rothwell, Esq. Rothwell Law Firm PO Drawer 2789 Irmo, SC 29063 | | - | | Judgment Entered 11/29/11 | | | | 832,421.23 |
| Account No. xxxxxx1952 | | | | Mortgage for property located at 123 Country Club Drive, Greenwood, SC Market Value: $275,000.00 | | | | |
| SunTrust Mortgage PO Box 85526 Richmond, VA 23285 | | - | | Property not titled in debtor's name | | | | 285,319.00 |
| Account No. | | | | Foreclosure deficiency for investment properties located 805 Montague Ave; 611 Calhoun Ave; AND Lots | | | | |
| The Palmetto Bank PO Box 209 Laurens, SC 29360 | | - | | 3C,5C,13C,14C,17C,25C,27C,29C,30C,31C,33C, 35C,37C,44C, 47C in Greenwood, SC | | | | 718,909.43 |
| Account No. | | | | Additional Address For: | | | | |
| James H. Cassidy, Esquire Roe Cassidy Coates & Price Post Office Box 10529 Greenville, SC 29603 | | | | The Palmetto Bank | | | | **Notice Only** |

Sheet no. __**3**__ of __**5**__ sheets attached to Schedule of          Subtotal                1,836,649.66
Creditors Holding Unsecured Nonpriority Claims               (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re __Dwight Evans Funderburk, Sr._____,    Case No. __12-04785_____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W | J C | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>The Palmetto Bank<br>PO Box 209<br>Laurens, SC 29360 | X | - | | Foreclosure deficiency judgment for real property located at 201A Townes Drive, Greenwood | | | | 34,724.41 |
| Account No.<br><br>James H. Cassidy, Esquire<br>Roe Cassidy Coates & Price<br>Post Office Box 10529<br>Greenville, SC 29603 | | | | Additional Address For:<br>The Palmetto Bank | | | | Notice Only |
| Account No.<br><br>Milton Kimspon, Esq.<br>SC Department of Revenue<br>PO Box 125<br>Columbia, SC 29214 | | | | Additional Address For:<br>The Palmetto Bank | | | | Notice Only |
| Account No.<br><br>William Nettles, Esq.<br>55 Beattie Place, Suite 700<br>Greenville, SC 29601 | | | | Additional Address For:<br>The Palmetto Bank | | | | Notice Only |
| Account No.<br><br>The Palmetto Bank<br>c/o Amber Glidewell<br>Roe Cassidy Coates & Price<br>PO Box 10529<br>Greenville, SC 29603 | | - | | Foreclosure deficiency for investment properties located in Laurens County (lots 2-9 containing 4.66 acres) | | | | 221,962.41 |

Sheet no. __4__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| | |
|---|---|
| | 256,686.82 |

B6F (Official Form 6F) (12/07) - Cont.

In re   **Dwight Evans Funderburk, Sr.**                              , Case No.   **12-04785**
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | | **Settlement amount re 2008-CP-24-00944** | | | | |
| **Tindall Corporation** **c/o Cynthia B Brown** **Harper Lamber & Brown** **PO Box 4908** **Greenville, SC 29602** | - | | | | | | | **100,000.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __5__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      **100,000.00**

Total
(Report on Summary of Schedules)      **9,868,956.90**

B6G (Official Form 6G) (12/07)

.

In re    **Dwight Evans Funderburk, Sr.**                                                    Case No.    __12-04785__
                                                    ,
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Funderburk Holding Group Ltd Partnership** | **Lease of 123 Country Club Drive**<br>**Greenwood, SC**<br>**Copy of the lease is attached hereto as Exhibit A.** |

**0**
____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Exhibit A

# LEASE AGREEMENT
## FOR
### 123 COUNTRY CLUB DRIVE

**This LEASE AGREEMENT** (this "Lease"), is made and entered into by and between Manager and Tenant to be effective the 20th day of January, 2010.

### WITNESSETH:

**WHEREAS,** Dwight E. Funderburk (referred to herein as "Tenant") desires to lease real property located at 123 Country Club Drive in the City of Greenwood, the State of South Carolina ("Premises"); and

**WHEREAS,** 123 Country Club Drive, LLC is the equitable owner of the Premises ("Owner") with legal titled to the Premises held by the Trustee of the Revocable Trust Agreement for 123 Country Club Drive originally dated the 20th day of January, 2010 ("Trust"); and

**WHEREAS,** Owner entered into that certain Property Management Agreement with Funderburk Holding Group Limited Partnership ("Manager") whereby Manager is responsible for management of the Premises on behalf of Owner, including entering of lease agreements and the collection of rents; and

**WHEREAS,** Owner desires to lease the Premises to Tenant under the terms and provisions set forth herein; and

**WHEREAS,** under the terms of this Lease, Tenant has the exclusive right to occupy the Premises in return for payment of the rent payable hereunder; and

**WHEREAS,** in accordance with the lease rights of the parties herein, the terms of the indenture for Trust shall set forth Tenant as the sole current beneficiary of the Trust with exclusive right to occupy Premises in exchange for the rent payable hereunder; and

**NOW THEREFORE BE IT KNOWN,** the Manager, on behalf of Owner, hereby leases to the Tenant and the Tenant hereby leases from the Manager for the term of this Lease the Premises.

1.      **TERM.** The term of this Lease shall commence on the 20th day of January, 2010, and end on the 31st day of December, 2010. The Lease shall be automatically extended for periods of one (1) year to begin each January 1st, unless either party expresses its written intention to terminate this Lease prior to December 1st of each successive year hereafter.

2.      **RENTAL.** The rent during the term of this Lease shall be Five Thousand One Hundred and No/100 Dollars ($5,100.00) per month.



3.   **UTILITIES.** The Manager shall be responsible for the payment of all utilities furnished to the Premises during the term of this Lease.

4.   **TAXES.** The Manager shall be responsible for payment of all ad valorem taxes assessed against the Premises.

5.   **INSURANCE.** The Manager shall be responsible for the cost of a homeowner policy on the Premises.

6.   **USE.** The Premises shall be used for residential purposes and for no other purposes, without the prior written consent of the Manager.

7.   **PETS.** No pets or animals of any kind shall be allowed in or upon the Premises unless specifically authorized by the prior written consent of Manager. If specifically authorized by Manager, Tenant shall at their expense have the Premises treated for fleas by a licensed exterminator upon quitting and surrendering the Premises to Manager.

8.   **OFFENSIVE USE.** Tenant agree that they will not make any illegal or offensive use of the Premises, that they will not do or suffer to be done in or upon said property any act or thing which shall cause or may be a nuisance, annoyance, inconvenience or damage to the Manager or to any other person. Tenant specifically agrees that the Premises will not be used in such a way to cause any nuisance, annoyance, inconvenience or damage to other persons in the vicinity of the Premises.

9.   **MAINTENANCE, REPAIRS OR ALTERATIONS.** Tenant shall, at all times, maintain the Premises in good condition and repair and shall surrender the same, at termination hereof, in as good condition as received or as improved from time to time by Manager, normal wear and tear excepted. Manager shall be responsible, at its expense, for all routine maintenance on the Premises, all repairs to mechanical equipment on the Premises, and all structural repairs to the Premises. Tenant shall be responsible for damages caused by their negligence and that of their family or invitees or guests.

10   **INDEMNIFICATION.** Manager shall not, in any event whatsoever, be liable for any injury or damage to any person present on or about the Premises or for any damage to any property of the Tenant or property of any other person on the Premises. Tenant shall indemnify and save the Manager and Owner harmless from and against any and all liability, loss, cost, expense and damage and from and against any and all suits, claims and demands of every kind and nature, including reasonable counsel fees, arising during or resulting from Tenant's use or occupancy of the Premises, including, without limitation, any claims related to the violation of any Environmental Law (as hereinafter defined) or the handling of any Hazardous Materials (as hereinafter defined).



2

11.    **ASSIGNMENT AND SUBLETTING.** Tenant shall not have the right to assign this Lease or any and all rights hereunder nor to sublet the Premises or any portion thereof without the prior written consent of the Manager. In such event, Tenant shall remain liable for lease payments in event sublessee does not make lease payments.

12.    **DEFAULT.** Any failure by Tenant to pay rent when due, or perform any term hereof, shall, at the option of the Manager, terminate all rights of Tenant hereunder. In the event that Tenant shall be absent from the premises for a period of five (5) consecutive days, while in default, Tenant shall, at the option of the Manager, be deemed to have abandoned the Premises and any property left on the Premises shall be considered abandoned and may be disposed of by Manager in any manner allowed by law. In the event that Manager reasonably believes that any such abandoned property has no value, it may be discarded.

In the event of a default by Tenant, Manager may elect to (a) continue the Lease in effect and enforce all its rights and remedies hereunder, including the right to recover the rent as it becomes due, or (b) at any time, terminate all of Tenant's rights hereunder and recover from Tenants (i) all rent due for the remainder of the lease term, (ii) an amount sufficient to cover any damages to the Premises, (iii) any costs incurred recovering the premises, and (iv) reasonable attorneys' fees.

13.    **RIGHT OF ENTRY.** Manager shall have the right, at Manager's pleasure, to reasonable hours to enter the Premises either in person or by the Manager's agent, with reasonable notice.

14.    **END OF TERM.** Upon the expiration or earlier termination of the term of this Lease or any renewal hereof, the Tenant shall quit and surrender to the Manager the Premises, in the same good condition and repair in which the Premises had been delivered to the Tenant by the Manager, normal wear and tear excepted. Prior to the end of the term of this Lease, Tenant shall cause the removal from the Premises of any and all refuse and any and all improvements or alterations made by Tenant to the Premises that Manager requests Tenant to remove.

15.    **ATTORNEYS' FEES.** In the event that any party hereto (or any third-party beneficiary of this Agreement) shall bring an action to enforce the terms hereof or to declare rights hereunder, the prevailing party in any such action, shall be entitled to his court costs and reasonable attorneys' fees to be paid by the non-prevailing party as fixed by the court of appropriate jurisdiction, including, but not limited to, attorneys' fees and court costs incurred in courts of original jurisdiction, bankruptcy courts or appellate courts.

16.    **BINDING EFFECT.** This Agreement shall be binding upon the parties hereto and their respective heirs and assigns, and the benefits hereof shall inure to the parties hereto and their respective heirs and assigns.

17.    **GOVERNING LAW.** This Lease shall be governed and construed in accordance with the laws of the State of South Carolina.

3

18.   **COUNTERPARTS.**  This Lease may be executed in one or more counterparts, each of which, taken together, shall constitute one and the same instrument.

19.   **COMPLIANCE WITH LAWS; HAZARDOUS MATERIALS.**  Tenant shall comply with and shall be responsible for compliance with all applicable federal, state and local laws, regulations, ordinances, directives and orders, including, without limitation all Environmental Laws, applicable to the Premises or Tenant's occupancy, use and maintenance of the Premises and the streets and alleys of other public land and thoroughfares that the Premises may abut. Without Manager's prior written consent, Tenant shall not receive, store or otherwise handle any Hazardous Materials. "Environmental Laws" shall mean and include the Resource Conservation and Recovery Act, 43 U.S.C. 6901 et seq., the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. 9601 et seq., The Clean Water Act, 33 U.S.C. 1251 et seq., and all federal, state and local environmental, health and safety laws, ordinances, rules and regulations relating to regulation or control of hazardous or toxic substances wastes, or related materials (collectively "Hazardous Materials").  Such compliance shall be at Tenant's sole expense.

**{REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK}**

4

**IN WITNESS WHEREOF,** the parties hereto have executed this Lease as of the day and year first above written.

**WITNESS:**

_____
Witness #1

_____
Witness #2 or Notary

**MANAGER:**

_____
By:  **Leland P. Vaughan** – *as Member of*
     *Funderburk Manager, LLC, Manager of*
     *Funderburk Holding Group GP, LLC*
For: Funderburk Holding Group Limited
     Partnership
Its:  General Partner

_____
Witness #1

_____
Witness #2 or Notary

**TENANT:**

_____
**Dwight E. Funderburk** – Individually

5

B6H (Official Form 6H) (12/07)

In re  **Dwight Evans Funderburk, Sr.**                                      ,      Case No.    **12-04785**
                                        Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Danita Funderburk**<br>**1009 Laurel Avenue E**<br>**Greenwood, SC 29649** | **CertusBank**<br>**c/o Sean Faulkner, Esq.**<br>**Roe Cassidy Coates & Price, PA**<br>**PO Box 10529**<br>**Greenville, SC 29603** |
| **Dennis J Dill**<br>**PO Box 491**<br>**Greenwood, SC 29648** | **The Palmetto Bank**<br>**PO Box 209**<br>**Laurens, SC 29360** |
| **Raymond Dill, Jr.**<br>**602 Highland Park Drive**<br>**Greenwood, SC 29649** | **The Palmetto Bank**<br>**PO Box 209**<br>**Laurens, SC 29360** |
| **Warren & Jayn Langley**<br>**109 Brandon Drive**<br>**Hodges, SC 29653** | **CertusBank**<br>**c/o Sean Faulkner, Esq.**<br>**Roe Cassidy Coates & Price, PA**<br>**PO Box 10529**<br>**Greenville, SC 29603** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re    **Dwight Evans Funderburk, Sr.**          Case No.    **12-04785**

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Business Development** | |
| Name of Employer | **Greenway Construction** | |
| How long employed | **6/2010-Present** | |
| Address of Employer | **PO Box 3304**<br>**Greenwood, SC 29648** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 0.00 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 0.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a.  Payroll taxes and social security | $ 0.00 | $ N/A |
|     b.  Insurance | $ 0.00 | $ N/A |
|     c.  Union dues | $ 0.00 | $ N/A |
|     d.  Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of<br>    dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance<br>(Specify):    **Social Security** | $ 1,804.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income<br>(Specify):    **Annuity** | $ 19,250.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 21,054.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 21,054.00 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 21,054.00 | |

(Report also on Summary of Schedules and, if applicable, on<br>Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
    **Debtor receives a yearly disbursement of an annuity in the amount of $231,000.00.**

    **Debtor receives no compensation for employment at Greenwood Construction.**

B6J (Official Form 6J) (12/07)

In re **Dwight Evans Funderburk, Sr.**                                    Case No.   **12-04785**
_____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 5,100.00 |
| a. Are real estate taxes included?          Yes ___          No **X** | | |
| b. Is property insurance included?          Yes ___          No **X** | | |
| 2. Utilities:     a. Electricity and heating fuel | $ | 0.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 0.00 |
| d. Other  **Cleaning Services** | $ | 225.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 500.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 125.00 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 250.00 |
| 10. Charitable contributions | $ | 6,000.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 1,119.40 |
| c. Health | $ | 150.00 |
| d. Auto | $ | 0.00 |
| e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other _____ | $ | 0.00 |
| c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **Accounting Services** | $ | 350.00 |
| Other _____ | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)     $     14,869.40

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**Debtor uses a company vehicle.**

**Medical expenses are high due to debtor's monthly prescriptions.**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $     21,054.00 |
| b. | Average monthly expenses from Line 18 above | $     14,869.40 |
| c. | Monthly net income (a. minus b.) | $     6,184.60 |

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
### District of South Carolina

In re    **Dwight Evans Funderburk, Sr.**                                     Case No.    **12-04785**

Debtor(s)                                                                              Chapter    **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**37**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **March 18, 2013**                          Signature  **/s/ Dwight Evans Funderburk, Sr.**

**Dwight Evans Funderburk, Sr.**

Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## District of South Carolina

In re   **Dwight Evans Funderburk, Sr.**                                    Case No.   **12-04785**

                                    Debtor(s)                    Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$-137.00** | **Dwight Funderburk**<br>**DEF Properties & Funderburk Group**<br>**2011** |
| | **Gross Receipts: $0.00**<br>**Net Loss: ($137.00)** |
| **$-504.00** | **Dwight Funderburk**<br>**South Creek, Laurens County**<br>**Rental Income**<br>**2011** |
| | **Rents Received: $420.00**<br>**Expenses: $924.00** |

| AMOUNT | SOURCE |
|---|---|
| $15,364.00 | **Dwight Funderburk**<br>**805 Montague Avenue, Greenwood**<br>**Rental Income**<br>**2011** |
| | **Rents Received: $18,304.00**<br>**Expenses: $2,940.00**<br>**Rents Received: $18,304.00** |
| $0.00 | **Dwight Funderburk**<br>**Advanced Auto**<br>**Rental Income**<br>**2011** |
| | **Rents Received: $0.00**<br>**Expenses: $0.00** |
| $-18,847.00 | **Dwight Funderburk**<br>**1626 Rivers Street**<br>**2011** |
| | **Rents Received: $0.00**<br>**Expenses: $18,847.00** |
| $-2,130.00 | **Dwight Funderburk**<br>**Triangle Construction (K1 Income)**<br>**2011** |
| $17,491.00 | **Dwight Funderburk**<br>**FWLL, LLC (K1 Income)**<br>**2011** |
| $-13,569.00 | **Dwight Funderburk**<br>**Funderburk Holding Group Limited (K1 Income)**<br>**2011** |
| $-39,430.00 | **Dwight Funderburk**<br>**Emerald Acquisitions, LLC (K1 Income)**<br>**2011** |
| $-881,514.00 | **Dwight Funderburk**<br>**Funderburk Family Trust Agreement (K1 Income)**<br>**2011** |
| $-132,071.00 | **Dwight Funderburk**<br>**DEF Properties & Funderburk**<br>**2010** |
| | **Rents Received: 0.00**<br>**Expenses: $132,071.00** |
| $-8,222.00 | **Dwight Funderburk**<br>**South Creek, Laurens County**<br>**2010** |
| | **Rents Received: $4,440.00**<br>**Expenses: $12,662.00** |
| $69,180.00 | **Dwight Funderburk**<br>**805 Montague Avenue**<br>**2010** |
| | **Rents Received: $152,474.00**<br>**Expenses: $83,294.00** |

| AMOUNT | SOURCE |
|---|---|
| **$-19,536.00** | **Dwight Funderburk**<br>**611 Calhoun Avenue**<br>**2010**<br><br>**Rents Received: $0.00**<br>**Expenses: $19,536.00** |
| **$-66,765.00** | **Dwight Funderburk**<br>**1626 Rivers Street**<br>**2010**<br><br>**Rents Received: $0.00**<br>**Expenses: $66,765.00** |
| **$0.00** | **Dwight Funderburk**<br>**Advanced Auto**<br>**2010**<br><br>**Rents Received: $0.00**<br>**Expenses: $0.00** |
| **$-369.00** | **Dwight Funderburk**<br>**Triangle Construction, Inc of Greenwood (K1 Income)**<br>**2010** |
| **$-2,833.00** | **Dwight Funderburk**<br>**FWLL, LLC (K1 Income)**<br>**2010** |
| **$0.00** | **Dwight Funderburk**<br>**Solution Technologies (K1 Income)**<br>**2010** |
| **$-113.00** | **Dwight Funderburk**<br>**Funderburk Holding Group Limited (K1 Income)**<br>**2010** |
| **$-919,884.00** | **Dwight Funderburk**<br>**Funderburk Family Trust Agreement (K1 Income)**<br>**2010** |

---

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$231,000.00** | **Dwight Funderburk**<br>**Annuity Payment from Funderburk Family Trust**<br>**2012** |
| **$21,648.00** | **Dwight Funderburk**<br>**Social Security**<br>**2012** |
| **$22,056.00** | **Dwight Funderburk**<br>**Social Security**<br>**2011** |
| **$459.00** | **Dwight Funderburk**<br>**Enterprise Bank (Interest Income)**<br>**2011** |
| **$851.00** | **Dwight Funderburk**<br>**Enterprise Bank (Interest Income)**<br>**2011** |

| AMOUNT | SOURCE |
|--------|--------|
| $7.00 | **Dwight Funderburk**<br>**FWLL, LLC (Interest Income)**<br>**2011** |
| $110.00 | **Dwight Funderburk**<br>**Funderburk Holding Group Limited (Interest Income)**<br>**2011** |
| $10,870.00 | **Dwight Funderburk**<br>**Funderburk Family (Interest Income)**<br>**2011** |
| $5,377.00 | **Dwight Funderburk**<br>**Enterprise Bank (Interest Income)**<br>**2010** |
| $1,147.00 | **Dwight Funderburk**<br>**Palmetto Bank (Interest Income)**<br>**2010** |
| $28.00 | **Dwight Funderburk**<br>**FWLL, LLC (Interest Income)**<br>**2010** |
| $11,250.00 | **Dwight Funderburk**<br>**Funderburk Family Trust Agreement (Interest Income)**<br>**2010** |
| $113.00 | **Dwight Funderburk**<br>**Funderburk Holding Group Limited (Interest Income)**<br>**2010** |
| $52.00 | **Dwight Funderburk**<br>**Capital Gain (See statement 2, form 4797 of 2010 Federal Tax Return)**<br>**2010** |
| $369.00 | **Dwight Funderburk**<br>**Capital Gain from the sale of 2006 GMC 1500 Truck, Backhoe, 2007 GMC 3500 and Bobcat**<br>**2010** |

---

**3. Payments to creditors**

None


*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS<br>OF CREDITOR | DATES OF<br>PAYMENTS | AMOUNT PAID | AMOUNT STILL<br>OWING |
|---|---|---|---|

None


b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☒    c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **CountyBank**<br><br>**vs.**<br><br>**Dwight E Funderburk**<br><br>**Case No.: 2010-CP-15-00889** | **Foreclosure** | **State of South Carolina**<br>**County of Colleton**<br>**In the Court of Common Pleas** | **Deficiency judgment in favor of Plaintiff filed on 9/1/11 in the amount of $746,937.08** |
| **Capital Bank**<br><br>**vs.**<br><br>**Dwight E Funderburk**<br><br>**Case No.: 2010-CP-15-01209** | **Foreclosure** | **State of South Carolina**<br>**County of Colleton**<br>**In the Court of Common Pleas** | **Deficiency judgment in favor of Plaintiff filed on 10/5/11 in the amount of $6,847,102.36** |
| **BB&T**<br><br>**vs.**<br><br>**Dwight E Funderburk**<br><br>**Case No.: 2012-CP-15-00170** | **Foreclosure** | **State of South Carolina**<br>**County of Colleton**<br>**In the Court of Common Pleas** | **Dismissed on 6/4/12** |
| **SunTrust Bank**<br><br>**vs.**<br><br>**Funderburk Group, LLC, et al.**<br><br>**Case No.: 2011-CP-24-00876** | **Debt Collections** | **State of South Carolina**<br>**County of Greenwood**<br>**In the Court of Common Pleas** | **Judgment in favor of Plaintiff filed on 11/29/11 in the amount of $832,421.23** |
| **Palmetto Bank**<br><br>**vs.**<br><br>**Raymond Dill, Jr., et al.**<br><br>**Case No.: 2012-CP-24-00236** | **Foreclosure** | **State of South Carolina**<br>**County of Greenwood**<br>**In the Court of Common Pleas** | **Judgment in favor of Plaintiff filed on 5/16/12 in the amount of $34,724.41** |

None ☒    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

6

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5. Repossessions, foreclosures and returns**

None ☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **SunTrust**<br>PO Box 85052<br>Richmond, VA 23285 | **2/2012** | **Property: 2007 Sea Ray**<br>**Market Value: $820,000.00**<br>**Amount Owed: $832,421.23** |

**6. Assignments and receiverships**

None ☒    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☒    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None ☐    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| **Northside Baptist Church**<br>**409 W Northside Dr**<br>**Greenwood, SC 29649** | | **12/11/2011** | **Cash Contribution of**<br>**$75,000.00** |

**8. Losses**

None ☒    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

7

**9.  Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Skinner Law Firm, LLC**<br>**300 North Main Street, Suite 201**<br>**Greenville, SC 29601** | **9/25/12** | **$50,000.00**<br>**(to be billed at $395.00 per hour for the Attorney's time, and $150.00 per hour for the time of a paralegal/legal assistant)** |

**10.  Other transfers**

None
☒

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☐

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|
| **Funderburk Family Trust Agreement**<br>**c/o David Taylor** | **12/1/09** | **Debtor  sold the following entity ownership interest to the Funderburk Family Trust Agreement in return for a private annutiy payable to Mr. Funderburk annually for the remainder of his life:**<br><br>**(1) 99% limited partnership interest in Funderburk Holding Group Limited Partnership;**<br>**(2) 1,980 shares of non-voting common stock in Triangle Construction, Inc. of Greenwood;**<br>**(3) 1,000 shares of common stock in Heaner, Inc.; and**<br>**(4) 100% ownership interest in real property located at 123 Country Club Drive, Greenwood, SC.**<br><br>**Funderburk Holding Group Limited Partnership also owns interest in several additional entities. Those entities are listed in the attached "Exhibit A".** |

8

**11. Closed financial accounts**

None
□

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Enterprise Bank of South Carolina** | **Account Type: Checking Name(s) on Account: Dwight E Funderburk Final Balance: $7,884.12** | **Final Balance: $7,884.12 Date Closed: 3/7/12** |

**12. Safe deposit boxes**

None


List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None


List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None


List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None


If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
⊠

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Funderburk Group, LLC** | 26-0206919 | **PO Box 3304 Greenwood, SC 29648** | **Real Estate Brokerage** | 9/23/2004-Present |
| **FWLL, LLC** | 57-1109454 | **PO Box 3304 Greenwood, SC 29649** | **Real Estate** | 8/17/2000-12/31/2011 |
| **Funderburk & Funderburk** | 02-0678460 | **PO Box 3304 Greenwood, SC 29649** | **Real Estate** | 2/24/2003-12/31/2006 |

                                    Best Case Bankruptcy

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Palmetto Point, Inc** | 57-0951184 | **PO Box 3304 Greenwood, SC 29649** | Real Estate | **8/26/11-12/31/2008** |
| **Solutions Tech, Inc** | 57-1102155 | **109 Court Street Greenwood, SC 29649** | Medical | **8/31/2000-12/31/2010 No operation since 2004** |
| **S&T Holding, Inc** | 20-0825249 | **109 Court Street Greenwood, SC 29649** | Real Estate | **3/4/2004-12/31/2008 No income since 2006** |
| **Heaner, Inc** | 57-0470710 | **PO Drawer 10 Greenwood, SC 29648** | Engineering | **3/23/1965-12/17/2009 Debtor sold all shares to the Trustee of the Funderburk Family Trust on 12/1/09** |
| **Triangle Construction, Inc of Greenwood** | 57-0730560 | **Registered agent address: 620 E Durst Avenue, Greenwood, SC** | Construction | **2/17/1981-Present Debtor sold 1,980 non-voting common stock to the Trustee of Funderburk Family Trust Agreement on 12/1/09. Debtor still owns a 1% interest.** |
| **639 Acquistions, LLC** | | **PO Box 3304 Greenwood, SC 29649** | Real Estate | **3/11/2010-Present** |
| **Funderburk Holding Group Limited Partner** | | **Register agent address: 171 Church Street, Suite 330 Charleston, SC 29401** | | **unknown- 12/9/2009 Debtor sold 99% limited partnership interest in Funderburk Holding Group Limited Partnership to the Trustee of the Funderburk Family Trust on 12/1/09** |
| **Funderburk Holding Group GP, LLC** | | **Register agent address: 171 Church Street, Suite 330 Charleston, SC 29401** | | **unknown-12/9/2009** |
| **123 Country Club Drive** | | **Register agent address: 171 Church Street, Suite 330 Charleston, SC 29401** | Real Estate | **unknown-12/1/2009 Debtor sold 100% ownership to the Trustee of the Funderburk Family Trust on 12/1/09** |

None
☒    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                          ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None ☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Dorn Dempsey & Associates**<br>**102 Venture Court**<br>**Greenwood, SC 29649** | |

None ☒   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☒   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ☒   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

---

### 20. Inventories

None ☒   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ☒   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ☒   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☒   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**


None

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**


None

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**


None

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  __**March 18, 2013**__                         Signature   __/s/ Dwight Evans Funderburk, Sr.__

                                                                                    **Dwight Evans Funderburk, Sr.**
                                                                                    Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Exhibit A

TAXATION LAW    ASSET PROTECTION

# TAYLOR & ASSOCIATES
### ATTORNEYS AT LAW

171 Church Street · Suite 330 · Charleston · South Carolina · 29401
T: 843.723.2000   F: 843.723.2013

February 25, 2011

Mr. Dwight E. Funderburk
Post Office Box 3304
Greenwood, South Carolina 29648

**Re:**    ***Ownership and Management Summary of Funderburk Family Entities***
***Our File No. 01191-001***

Dear Dwight:

This letter provides a summary of the ownership and management structure for various entities and trusts which have been formed by the Funderburk family.

**1.    Funderburk Family Trust Agreement.**    The Funderburk Family Trust Agreement is an irrevocable trust agreement settled under the laws of South Carolina. The Trustee is Leland P. Vaughan. Trust property should be titled "Leland P. Vaughan as Trustee of Funderburk Family Trust Agreement."

The Funderburk Family Trust owns the following assets: (i) 99% stock interest in Triangle Construction; (ii) 100% stock interest in Heaner, Inc.; (iii) 100% of the membership interests in 123 Country Club Drive, LLC; and (iv) 99% limited partnership interest in Funderburk Holding Group Limited Partnership. The signature of Leland P. Vaughan as Trustee is the only signature required to transfer assets owned by the Trust.

**2.    Triangle Construction, Inc. of Greenwood.**    Triangle Construction, Inc. of Greenwood is a South Carolina corporation. Funderburk Family Trust Agreement owns 99% of the currently issued and outstanding stock. Leland P. Vaughan is the sole Director and President of the corporation. Upon authorization by the Board of Directors, the transfer of corporate assets can be effectuated by the signature of the President of the corporation.

**3.    Heaner, Inc.**    Heaner, Inc. is a South Carolina corporation. Funderburk Family Trust Agreement owns 100% of the currently issued and outstanding stock. Leland P. Vaughan is the sole Director and President of the corporation. Upon authorization by the Board of Directors, the transfer of corporate assets can be effectuated by the signature of the President of the corporation.

**4.    123 Country Club Drive, LLC.**    123 Country Club Drive, LLC is a manager-managed South Carolina limited liability company with the Funderburk Family Trust Agreement owning 100% of the membership interests. The manager of 123 Country Club Drive, LLC is

Mr. Dwight E. Funderburk
February 25, 2011
Page 2

Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of 123 Country Club Drive, LLC.

**5. Funderburk Holding Group Limited Partnership.** Funderburk Holding Group Limited Partnership ("FHGLP") is a South Carolina limited partnership. The General Partner of FHGLP is Funderburk Holding Group GP, LLC and the Limited Partner of FHGLP is Leland P. Vaughan as Trustee of Funderburk Family Trust Agreement.

The assets of Funderburk Holding Group Limited Partnership consist of membership interests in fifteen (15) South Carolina limited liability companies. These limited liability companies are: (i) Plantation Grill, LLC; (ii) Coldwell Banker Sea Island Realty, LLC; (iii) 334786 Acquisitions, LLC; (iv) Edisto Golf, LLC; (v) Funderburk Investment Holdings, LLC; (vi) Old Brickyard Road, LLC; (vii) 206 Summitt, LLC; (viii) Linwood Property, LLC; (ix) Mimosa Green, LLC; (x) 613 Calhoun Avenue, LLC; (xi) 2 Lots New Market Street, LLC; (xii) 1 Lot New Market Street, LLC; (xiii) Edisto Boat Slip, LLC; (xiv) Lawrence and Funderburk, LLC; and (xv) 493 Acquisitions, LLC.

The transfer of assets owned by FHGLP must be authorized by the signature of the General Partner. The Manager of the General Partner is Funderburk Manager, LLC and the authorized member of Funderburk Manager, LLC is Leland P. Vaughan. Accordingly, the signature of the Funderburk Holding Group Limited Partnership can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Funderburk Holding Group GP, LLC, as General Partner of Funderburk Holding Group Limited Partnership. No additional signatures or authorization is required.

**6.      Entities Owned by Funderburk Holding Group Limited Partnership**

**(i)     Plantation Grill, LLC.**      Plantation Grill, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of Plantation Grill, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Plantation Grill, LLC.

**(ii)    Coldwell Banker Sea Island Realty, LLC.** Coldwell Banker Sea Island Realty, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of Coldwell Banker Sea Island Realty, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Coldwell Banker Sea Island Realty, LLC.

Mr. Dwight E. Funderburk
February 25, 2011
Page 3

(iii)    **334786 Acquisitions, LLC.** 334786 Acquisitions, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of 334786 Acquisitions, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of 334786 Acquisitions, LLC.

(iv)    **Edisto Golf, LLC.** Edisto Golf, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of Edisto Golf, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Edisto Golf, LLC.

(v)    **Funderburk Investment Holdings, LLC.** Funderburk Investment Holdings, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of Funderburk Investment Holdings, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Funderburk Investment Holdings, LLC.

(vi)    **Old Brickyard Road, LLC.** Old Brickyard Road, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of Old Brickyard Road, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Old Brickyard Road, LLC.

(vii)    **206 Summitt, LLC.** 206 Summitt, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of 206 Summitt, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of 206 Summitt, LLC.

(viii)    **Linwood Property, LLC.** Linwood Property, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of Linwood Property, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Linwood Property, LLC.

(ix)    **Mimosa Green, LLC.** Mimosa Green, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning

Mr. Dwight E. Funderburk
February 25, 2011
Page 4

100% of the membership interests. The manager of Mimosa Green, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Mimosa Green, LLC.

(x)    **613 Calhoun Avenue, LLC.** 613 Calhoun Avenue, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of 613 Calhoun Avenue, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of 613 Calhoun Avenue, LLC.

(xi)    **2 Lots New Market Street, LLC.** 2 Lots New Market Street, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of 2 Lots New Market Street, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of 2 Lots New Market Street, LLC.

(xii)    **1 Lot New Market Street, LLC.** 1 Lot New Market Street, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of 1 Lot New Market Street, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of 1 Lot New Market Street, LLC.

(xiii)    **Edisto Boat Slip, LLC.** Edisto Boat Slip, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 100% of the membership interests. The manager of Edisto Boat Slip, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Edisto Boat Slip, LLC.

(xiv)    **493 Acquisitions, LLC.** 493 Acquisitions, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 50% of the membership interests. The managers of 493 Acquisitions, LLC are Funderburk Manager, LLC through its authorized member Leland P. Vaughan, and Lawrence Family Manager, LLC. The transfer of company assets must be authorized by both managers, but the signature of either manager is sufficient to effectuate such authorized transfers. If Funderburk Manager, LLC is the executing manager, said signature can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of 493 Acquisitions, LLC.

Mr. Dwight E. Funderburk
February 25, 2011
Page 5

(xv)   **Lawrence and Funderburk, LLC.** Lawrence and Funderburk, LLC is a South Carolina manager-managed limited liability company with Funderburk Holding Group Limited Partnership owning 50% of the membership interests. The managers of Lawrence and Funderburk, LLC are Funderburk Manager, LLC through its authorized member Leland P. Vaughan, and Lawrence Family Manager, LLC. The transfer of company assets must be authorized by both managers, but the signature of either manager is sufficient to effectuate such authorized transfers. If Funderburk Manager, LLC is the executing manager, said signature can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Lawrence and Funderburk, LLC.

7.   **Funderburk Holding Group GP, LLC.**   Funderburk Holding Group GP, LLC is a South Carolina manager-managed limited liability company with the Revocable Trust Agreement of Dwight E. Funderburk owning 100% of the membership interests. The manager of Funderburk Holding Group GP, LLC is Funderburk Manager, LLC through its authorized member Leland P. Vaughan. The sole asset of Funderburk Holding Group GP, LLC is the 1% general partnership interest in Funderburk Holding Group Limited Partnership. The signature of the manager alone is required to transfer assets of the company and can be set forth as follows: Leland P. Vaughan, as Member of Funderburk Manager, LLC, as Manager of Funderburk Holding Group GP, LLC.

8.   **Funderburk Manager, LLC.**   Funderburk Manager, LLC is a South Carolina member-managed limited liability company with Leland P. Vaughan owning 100% of the membership interests. Funderburk Manager, LLC owns no assets. As indicated above, Funderburk Manager, LLC is the manager of various limited liability companies discussed above. The signature of Funderburk Manager, LLC can be set forth as follows: Leland Vaughan, as Member of Funderburk Manager, LLC.

I hope the information contained in this letter will be useful to you as a reference for purposes of understanding the ownership and management structure of the various entities established for your benefit. Please feel free to call me with any questions or comments you may have.

With every good wish, I remain

Very truly yours,

TAYLOR & ASSOCIATES

David Glenn Taylor, LL.M.

DT/

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of South Carolina

In re   **Dwight Evans Funderburk, Sr.**                                   Case No.   **12-04785**

_____              Chapter   **7**
Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>-NONE- | **Describe Property Securing Debt:** |
| Property will be (check one):<br>☐ Surrendered                    ☐ Retained<br><br>If retaining the property, I intend to (check at least one):<br>    ☐ Redeem the property<br>    ☐ Reaffirm the debt<br>    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is (check one):<br>    ☐ Claimed as Exempt                    ☐ Not claimed as exempt | |

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **March 18, 2013**                          Signature   **/s/ Dwight Evans Funderburk, Sr.**
_____              _____
                                                **Dwight Evans Funderburk, Sr.**
                                                Debtor

LOCAL OFFICIAL FORM 1007-1(b) TO SC LBR 1007-1

# United States Bankruptcy Court
## District of South Carolina

In re   **Dwight Evans Funderburk, Sr.**                                        Case No.   **12-04785**

Debtor(s)                        Chapter     **7**

## CERTIFICATION VERIFYING CREDITOR MATRIX

The above named debtor, or attorney for the debtor if applicable, hereby certifies pursuant to South Carolina Local Bankruptcy Rule 1007-1 that the master mailing list of creditors submitted either on computer diskette, electronically filed via CM/ECF, or conventionally filed in a typed hard copy scannable format which has been compared to, and contains identical information to, the debtor's schedules, statements and lists which are being filed at this time or as they currently exist in draft form.

Master mailing list of creditors submitted via:

(a)        _____ computer diskette

(b)        _____ scannable hard copy
(number of sheets submitted _____)

(c)      __X__ electronic version filed via CM/ECF

Date:   **March 18, 2013**                     **/s/ Dwight Evans Funderburk, Sr.**
                                               **Dwight Evans Funderburk, Sr.**
                                               Signature of Debtor

Date:   **March 18, 2013**                     **/s/ Randy A. Skinner**
                                               Signature of Attorney
                                               **Randy A. Skinner**
                                               **Skinner Law Firm, LLC**
                                               **300 North Main Street, Suite 201**
                                               **Greenville, SC 29601**
                                               **(864) 232-2007   Fax: (864) 232-8496**
                                               Typed/Printed Name/Address/Telephone

                                               **05412**
                                               District Court I.D. Number

B22A (Official Form 22A) (Chapter 7) (12/10)

| | |
|---|---|
| In re **Dwight Evans Funderburk, Sr.** | |
| Debtor(s) | |
| Case Number: **12-04785** | |
| (If known) | |

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
## AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor.  If none of the exclusions in Part I applies, joint debtors may complete one statement only.  If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.**  If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.**  If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>■ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**  Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which  your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.**  By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>        a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>           ☐ I remain on active duty /or/<br>           ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>        b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>           ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (12/10)      2

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br><br>**Debtor's Income** | **Column B**<br><br>**Spouse's Income** |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<table><tr><td></td><td></td><td colspan="2">Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$</td><td></td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary business expenses</td><td>$</td><td></td><td>$</td></tr><tr><td>c.</td><td>Business income</td><td colspan="3">Subtract Line b from Line a</td></tr></table> | $ | $ |
| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<table><tr><td></td><td></td><td colspan="2">Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td>Gross receipts</td><td>$</td><td></td><td>$</td></tr><tr><td>b.</td><td>Ordinary and necessary operating expenses</td><td>$</td><td></td><td>$</td></tr><tr><td>c.</td><td>Rent and other real property income</td><td colspan="3">Subtract Line b from Line a</td></tr></table> | $ | $ |
| 6 | **Interest, dividends, and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed.  Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9.  However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<table><tr><td>Unemployment compensation claimed to be a benefit under the Social Security Act</td><td>Debtor $</td><td>Spouse $</td></tr></table> | $ | $ |
| 10 | **Income from all other sources.** Specify source and amount.  If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<table><tr><td></td><td></td><td colspan="2">Debtor</td><td>Spouse</td></tr><tr><td>a.</td><td></td><td>$</td><td></td><td>$</td></tr><tr><td>b.</td><td></td><td>$</td><td></td><td>$</td></tr></table>Total and enter on Line 10 | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | $ | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                      3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ |
|----|---|---|

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
|----|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:          b. Enter debtor's household size: | $ |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | | | $ |
|----|---|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | | |
| | a. | | $ | |
| | b. | | $ | |
| | c. | | $ | |
| | d. | | $ | |
| | Total and enter on Line 17 | | | $ |
| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | | | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | | $ |
|-----|---|---|---|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | | | | |

| | Persons under 65 years of age | | Persons 65 years of age or older | |
|-----|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person | |
| b1. | Number of persons | b2. | Number of persons | |
| c1. | Subtotal | c2. | Subtotal | $ |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|-----|---|---|

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                          4

| | | | |
|---|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |

| | | |
|---|---|---|
| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

(Line 20B value: $)

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ☐ 1   ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

(Line 23 value: $)

| | | |
|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs | $ |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

(Line 24 value: $)

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                    5

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

| **Subpart B: Additional Living Expense Deductions** |
|---|
| **Note: Do not include any expenses that you have listed in Lines 19-32** |

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
|  | a. Health Insurance $ | |
|  | b. Disability Insurance $ | |
|  | c. Health Savings Account $ | $ |
|  | Total and enter on Line 34. **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                      6

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. |
|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐yes ☐no |
| | | | Total: Add Lines | |

(Line 42 total column) $

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

(Line 43 total column) $

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. |
|---|---|

| a. | Projected average monthly Chapter 13 plan payment. | $ |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

(Line 45 total column) $

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                    7

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,025**\*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). |

| | | |
|---|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| | |
|---|---|
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: __March 18, 2013__    Signature: __/s/ Dwight Evans Funderburk, Sr.__<br><br>Dwight Evans Funderburk, Sr.<br>*(Debtor)* |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                      8

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **02/01/2012** to **07/31/2012**.

**Line 10 - Income from all other sources**
Source of Income: **Annuity Income**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2012 | $19,250.00 |
| 5 Months Ago: | 03/2012 | $19,250.00 |
| 4 Months Ago: | 04/2012 | $19,250.00 |
| 3 Months Ago: | 05/2012 | $19,250.00 |
| 2 Months Ago: | 06/2012 | $19,250.00 |
| Last Month: | 07/2012 | $19,250.00 |
| | Average per month: | $19,250.00 |

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2012 | $1,804.00 |
| 5 Months Ago: | 03/2012 | $1,804.00 |
| 4 Months Ago: | 04/2012 | $1,804.00 |
| 3 Months Ago: | 05/2012 | $1,804.00 |
| 2 Months Ago: | 06/2012 | $1,804.00 |
| Last Month: | 07/2012 | $1,804.00 |
| | Average per month: | $1,804.00 |